WORTH-MORE MARTS, INC., et al., Plaintiffs, *v.* TOWN OF OYSTER BAY et al., Defendants.

Supreme Court, Special Term, Nassau County, October 31, 1952.

*Leon Madonick* for plaintiffs.

*Theodore V. Summers, Town Attorney* (*Robert J. Glasser* of counsel), for defendants.

COLDEN, J. This is a motion by plaintiffs for a temporary injunction.

Plaintiffs and their predecessors have, since 1949, been continuously engaged in the operation of a so-called "Farmer's Market," first, at 65 Merrick Road, Massapequa, town of Oyster Bay, Nassau County, and, since March, 1952, at 157 Merrick Road. Said market is open for business on Wednesday and Saturday of each week and almost all of the customers go to it by automobile.

On July 8, 1952, defendants adopted a resolution amending the ordinance regulating parking in the hamlet of Massapequa. As amended, the only sections of that ordinance which are involved in this dispute read as follows: "Section 4. No person shall park a motor vehicle or any other vehicle of any kind at any time: * * * J. On the east side of Division Avenue from Merrick Road south to Washington Place. Section 4A. No person shall park a motor vehicle or any other vehicle of any kind at any time except Sundays and holidays: * * * A. On the north side of Orchard Street from Hicksville Road west to Forest Avenue. B. On the north side of Elm Street from Hicksville Road west to Forest Avenue."

Defendants, in their opposing affidavit, state that their resolution was adopted because of serious traffic conditions in the areas in question and were adopted at the recommendation of the police department which was, in turn, made after a survey. The power to pass the amendments in question, according to defendants, is vested in them by subdivision 7 of section 130 of the Town Law, which provides, in pertinent part, as follows: "The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law, for the following purposes in addition to such other purposes as may be contemplated by the provisions of this chapter or other laws. * * * 7. Use of streets, highways, sidewalks and public places. * * * restricting parking of all vehicles therein"

Plaintiffs, on the other hand, contending that the amendments, if enforced, will affect their business most adversely, have brought this action to have said amendments declared null and void, on several grounds, and for a permanent injunction. They rest their present application, however, on the sole ground that said amendments and the pertinent provision of subdivision 7 of section 130 of the Town Law are "inconsistent with law," i.e., inconsistent with section 54 and subdivision 1 of section 86 of the Vehicle and Traffic Law, both of which were amended by

chapter 711 of the Laws of 1949 (eff. July 1, 1949), to include specifically the provisions hereinafter quoted relating to the power of towns to control parking within its areas.

Section 54 of the Vehicle and Traffic Law provides, in pertinent part, as follows: " Except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation * * * excluding any such owner, operator or chauffeur from the free use of such public highways * * * or in any other way restricting motor vehicles or motor cycles or their speed upon or use of the public highways * * *; and no ordinance, rule or regulation contrary to or in any wise inconsistent with the provisions of this chapter, now in force or hereafter enacted shall have any effect. * * * Notwithstanding the provisions of this section the legislative body of a city or village except a city having a population of one million or more, may by ordinance limit or prohibit parking in the city or village streets. The legislative body of a town of the first class or town of the second class having a population in excess of eight thousand may limit parking on any public highway within congested areas of such town, outside of villages therein, and, with the approval of the state traffic commission, on any state highway within such areas, provided such parking limitations are enforced by the use of parking meters."

The pertinent provision of subdivision 1 of section 86 of the Vehicle and Traffic Law, which, as already noted, was also added in 1949, is contained in the second paragraph thereof and is identical with the second sentence of the last paragraph of section 54, just quoted.

No profit would be derived from inquiring into the power as to parking conferred upon towns by so much of subdivision 7 of section 130 of the Town Law as reads: " restricting parking of all vehicles therein." Insofar as that provision is inconsistent with the specific and later provisions of sections 54 and 86 of the Vehicle and Traffic Law, the latter control. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 222, 391.) It might be well to note, however, that even prior to the enactment of the pertinent amendments to the Vehicle and Traffic Law, the Court of Appeals held that subdivision 7 (then sub. 6) of section 130 of the Town Law conferred " upon a town board a limited authority to restrict parking on the streets of the town " (*People* v. *Keane,* 293 N. Y. 467, 468). With the amendments to sections 54 and 86 of the Vehicle and Traffic Law

that " limited authority " was simply more specifically defined.

Section 54 clearly reveals the intention of the Legislature to confer upon a village and a city having a population of less than one million the power to "limit or prohibit" parking in their streets, but to confer upon a town of a certain class the power only to " limit " parking. That power of a town was carefully and clearly circumscribed. With respect to a public highway (defined in Vehicle and Traffic Law, § 2), a town may only limit parking " within congested areas " and " by the use of parking meters "; with respect to a State highway, a town may only limit parking " with the approval of the state traffic commission " and " by the use of parking meters."

Under no reasonable construction of the amendments in question can it be said that they " limit " parking. No person may park a motor vehicle or any other vehicle of any kind, under section 4, " at any time," and, under section 4A, " at any time except Sundays and holidays." Prohibition, not limitation, is the purpose of those sections, a purpose which the Legislature has said may not be achieved by a town. Even if it be said, as to section 4A, that it does not prohibit but merely limits parking, no showing has been made that it is sought thereby to limit parking within a " congested area " of the town, and certainly no claim is made that the parking limitations are to be enforced " by the use of parking meters."

Defendants' contention that the statute requires the use of parking meters in connection only with limitation of parking on State highways cannot be upheld. Both sections 54 and 86 of the Vehicle and Traffic Law speak of parking *limitations,* in the plural, i.e., the limitation of parking on public highways and the limitation of parking on State highways.

Accordingly, plaintiffs' motion for a temporary injunction is granted on condition that plaintiffs submit for approval a surety undertaking in the sum of $500 at the same time as the order is settled hereon.

Settle order.